know it was said by Huston, J., in State Road from Gettysburg, 2 Penna. R. 291, that it would be harsh to compel the county to make a bad or inconvenient road in order to get permission to apply for and obtain a more convenient one.

Admitting that occasional mistakes would produce this inconvenience, a particular hardship of this kind must be borne with rather than to introduce a principle which tends directly to defeat the main legislative intent. The case referred to was decided under the old law. But the Act of 1836 and subsequent legislation have given us a plain indication of legislative intent which we are bound to follow—leaving it to the legislature to change the law if it be thought better to do so. Justice Huston's remark is just as pertinent to a county as to a state road, and yet we know that the legislature withheld the power to change or vacate a county road until after opening, and has since changed the rule only where the road is opened in part. The report of the commissioners was, under some early laws, filed at the seat of government, but even now, when filed in the Quarter Sessions, it is final without confirmation, and while it is not open to attack before opening for the same reason that county roads are not, there are other and peculiar reasons, as we have seen, why it should not be delayed and, perhaps, frustrated by hostile proceedings.

> The order of the Quarter Sessions is therefore reversed, and the petition and proceedings thereupon set aside and wholly annulled.

In the Same Road.

*Certiorari* by the Perkiomen and Reading Turnpike Company, The Directors of the Poor of Montgomery County, and Jacob Tyson *et al.*

The proceedings in relation to this road are stated in the foregoing case, the errors assigned being the decree of the court below dismissing the exceptions to the report of the commissioners on the state road: *supra*, p. 161. The grounds on which this case was decided below and in the Supreme Court, render it unnecessary to set out the exception and errors assigned at large. They alleged a disregard of the requirements of the act by the commissioners; improper conduct by them while deliberating; laying the road on the turnpike, the road in the act being different from that petitioned for, and having been obtained without notice.

The grounds upon which the court below dismissed the exceptions was, that " the court have no power to set aside the report (of the commissioners) upon exceptions."

This *certiorari* was issued after the decision in the preceding case.

[State Road from Phœnixville to the Trappe.]

*C. Hunsicker* and *A. B. Longaker,* for plaintiffs in error.—— The act specifically directs the point at which the road is to terminate ; the record shows that the commissioners did not follow the direction, which is to be construed strictly : Hellertown Road, 5 W. & S. 202.

If the road could be laid on part of a turnpike contructed under a charter, it could have been laid on ten miles, which would be revolting to common sense. The company's charter was a contract which could not be impaired by subsequent legislation : Iron City Bank *v.* Pittsburgh, 1 Wright 345 ; Bank of Pennsylvania *v.* Commonweath, 7 Harris 151. But the act did not confer authority on the commissioners to destroy the property of any private corporation.

The evidence shows that the Act of Assembly was a fraud on the community ; and the opinion of Judge Chapman declares that " errors were committed by the commissioners which imperatively called for the interference of the court."

*D. H. Mulvany,* for defendants in error.—The plaintiffs in error have no standing in court. They have resorted to review and failed, and cannot fall back on their exceptions.

The court below decided they had no jurisdiction ; the exceptants cannot go behind that and argue upon the allegations in their exceptions. They must be confined to the question raised on the record : Simmond's Estate, 7 Harris 439; Weaver's Estate, 1 Casey 434. There is nothing to restrain the legislature from authorizing a state road to be laid out on a turnpike : Susquehanna Canal Co. *v.* Wright, 9 W. & S. 10 ; New York and Erie Railroad Co. *v.* Young, 9 Casey 181 ; Monongahela Navigation Co. *v.* Coons, 6 W. & S. 101 ; The Mayor, &c., *v.* The Commissioners, 7 Barr 355 ; Mifflin *v.* Railroad Co., 4 Harris 183 ; Sharpless *v.* The Mayor, Id. 166.

The turnpike company filed no exceptions, and cannot now except. Their " protest" was not the subject of judicial notice : Cash's Appeal, 1 Barr 166 ; Berg *v.* Moore, 7 Id. 94.

The Supreme Court will not review the facts which have been decided in the court below : Road in Macungie Township, 2 Casey 221 ; Loretto Road, 5 Id. 350 ; Banning *v.* Taylor, 12 Harris 289.

The opinion of the court was delivered, February 7th 1867, by AGNEW, J.—The Quarter Sessions has, in relation to roads, only the powers conferred by statute. There is no act conferring a general power to revise the proceedings of commissioners appointed to lay out state roads under special Acts of Assembly. Deriving their powers from the special law, these commissioners are wholly governed by its provisions. Where confirmation of

their work is not committed to the Quarter Sessions, it has no jurisdiction over their report, either to confirm or set it aside.

In this case the special law confers no control. It does not even require the clerk of the court to enter the report upon the record, but simply directs the commissioners to deposit it in the clerk's office.

It is not properly speaking a *report*, for it is not required to be made to the court, nor to be entitled as in it; and the paper itself makes no reference to any court.

The act itself extends the power of the court only to the proceeding to open the road, and under the general laws, the court has afterwards the power to review and to change and supply such parts of it as shall become useless or burdensome.

There was no error in dismissing the exceptions, and the decree must be affirmed with costs, to be paid by the appellants.

## Newbold *et ux. versus* Boone.

| 52 | 167 |
|----|-----|
| 150 | 505 |
| 52 | 167 |
| 199 | 79 |
| 52 | 167 |
| 212 | 373 |
| 212 | 375 |
| 212 | 376 |

1. If two clauses in a will are irreconcilable, the latter is to be adopted as the latest expression of the testator's mind; but this is not to be done if it be possible to give effect to both consistently with the main design of the testator.

2. It should appear that the repugnant clauses have relation to the same subject-matter. Per WOODWARD, P. J.

3. An obscure will construed, and apparently repugnant clauses reconciled.

ERROR to the Court of Common Pleas of *Berks county*.

This was an amicable action between Alexander E. Newbold and Mary Agnes his wife (formerly Souder), and Richard Boone. The question arose under the will of Jacob W. Seitzinger, who died in November 1850; the will was proved December 2d 1850.

The testator left his widow and six children. He also left two grandchildren, Jacob S. Souder and Mary Agnes Souder, children of a deceased daughter, Ann Ellen Souder, whose husband, John H. Souder, is still living. Jacob S. Souder died in December 1859, a minor, intestate, unmarried and without issue. Mary Agnes, his sister, was a minor at his death, but is now of age, and was married in December 1860. The question is as to the provision made in the will for the Souder grandchildren.

After making provision for his widow, a sickly child and other grandchildren, he devised and bequeathed to Richard Boone, David F. Gordon and William Wetherill, in trust, all the real and personal estate given to his daughters and grandchildren, and afterwards declares that Richard Boone should be the sole trustee during his life.

Also, "I bequeath thirteen thousand dollars, to be raised out of my residuary estate, after the payment of my debts, in the manner hereinafter directed, to the same trustees, in trust for the uses, intents and purposes hereinafter declared of and concerning